IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:06CV485** |
| Petitioner, | ) | |
| | ) | **ORDER** |
| vs. | ) | **and** |
| | ) | |
| **JAN MAJOR MENGEDOHT,** | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the court on the petitioner's Petition to Enforce Internal Revenue Service Summonses (Filing No. 1) and Motion to Strike Order and Motion to Certify Facts of the Case to the District Court Judge (Filing No. 22). For the reasons set forth below, the court will strike its previous orders to the extent those orders grant the Petition to Enforce Internal Revenue Service Summonses (Filing No. 1) and hold the respondent in contempt of court. Furthermore, the court will now recommend the Petition to Enforce Internal Revenue Service Summonses (Filing No. 1) be granted.[1]

## BACKGROUND

The petitioner seeks an order requiring the respondent to comply with an Internal Revenue Service (IRS) summons served in the course of an IRS investigation into the tax liability of the Estate of Carl A. Mengedoht for the taxable period ending at the date of death, May 29, 1998. The petitioner alleges the summons seeks information from Jan Major Mengedoht who is in possession and control of testimony, books, records, papers and other data relevant to the investigation. Specifically, the petitioner seeks to compel, by use of the summons, the respondent to provide the requested testimony and documents. The IRS summons was personally served on Mr. Mengedoht on April 4, 2006. Mr. Mengedoht did not appear or provide documents in response to the summons.

---

[1] The court is entering a report and recommendation in this matter because a magistrate judge does not have authority to rule on a Petition to Enforce Internal Revenue Service Summons. **See *United States v. Mueller***, 930 F.2d 10, 12 (8th Cir. 1991); **see also *United States v. Bell***, 57 F. Supp. 2d 898, 900-01 (N.D. Cal. 1999) (citing cases).

On July 13, 2006, the petitioner filed its petition to enforce the IRS summons. **See** Filing No. 1. Initially, the court scheduled this matter for a hearing to be held on September 11, 2006. **See** Filing No. 3. The hearing was later continued to September 28, 2006, at the petitioner's request. **See** Filing No. 5. The respondent did not appear for the hearing, even though the record shows he was personally served with the order setting the matter for hearing. **See** Filing No. 7. During the hearing, the petitioner sought an order requiring the respondent to appear as requested in the IRS summons and holding the respondent in contempt of court should he fail to appear. The court entered such an order on September 29, 2006. **See** Filing No. 9. The respondent did not appear to testify or produce documents pursuant to the IRS summons. Thereafter, the court scheduled a hearing to allow the respondent to purge his contempt by providing the summonsed testimony and documents. **See** Filing No. 14. The hearing was later continued to allow for service of the order on the respondent. **See** Filing No. 18. The respondent did not appear at the scheduled hearing, but did send correspondence to the petitioner. **See** Filing No. 20. The correspondence is evidence the respondent did receive the court's prior orders, but was not responsive to the IRS summons.

## ANALYSIS

**A.   Jurisdiction**

The United States District Court for the District of Nebraska has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402(b) and 7604(b).

> <u>If any person is summoned under the internal revenue laws to appear</u>, to testify, or to produce books, papers, or other data, <u>the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance</u>, testimony, or production of books, papers, or other data.

26 U.S.C. § 7402(b) (emphasis added); **see** § 7604(b) (similar).

The record and the correspondence sent by Mr. Mengedoht reflects his address is in Herman, Nebraska. **See** Filing Nos. 1 and 20, Exhibit 1. The respondent was personally served a copy of the summons and the petition and order setting a hearing in this matter. **See** Filing Nos. 1, 7, 11, 12 & 19. Accordingly, it is clear the respondent both resides and

2

"may be found" in the District of Nebraska. Additionally, the undersigned magistrate judge has jurisdiction pursuant to 28 U.S.C. § 636(b) to preside over hearings and make recommendations for disposition. Therefore, this court has jurisdiction to compel compliance with the subject summons. **See also *Donaldson v. United States***, 400 U.S. 517, 523-25 (1971); ***United States v. Rose***, 437 F. Supp. 2d 1166, 1170 (S.D. Cal. 2006).

The petitioner has the authority to summon individuals pursuant to 26 U.S.C. § 7602(a). 26 U.S.C. § 7602(a) provides:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . ., or collecting any such liability, the Secretary [of the Treasury] is authorized–
> (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
> (2) To summon the person liable for tax or required to perform the act, . . . or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
> (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a).

"Courts consistently have recognized that IRS officers have the delegated authority to issue administrative summonses." ***United States v. Crum***, 288 F.3d 332, 334 (7th Cir. 2002) (tracing delegation authority through federal regulations from the Secretary of the Treasury to IRS officers) (**citing *United States v. Arthur Young & Co.***, 465 U.S. 805, 814 (1984)). IRS Estate Tax Attorney Michele L. Moser is an IRS officer whose duties include investigating the tax liability of the Estate of Carl A. Mengedoht. Therefore, Estate Tax Attorney Moser has the authority to issue the summons which is the subject of this enforcement action. Estate Tax Attorney Moser issued a summons to the respondent.

The respondent is a person subject to the summons authority of the Secretary. The Secretary has the authority to issue summons to obtain information about any potential

taxpayer, even if the Secretary ultimately determines that the person investigated does not owe any tax. That is why courts have held that the IRS is not required to establish tax liability prior to the issuance of a summons under § 7602. **See *United States v. McAnlis***, 721 F.2d 334, 336 (11th Cir. 1983). Since the petitioner is investigating possible tax liability and violations of the internal revenue laws, the respondent is a person subject to the Secretary's summons authority.

Mr. Mengedoht appears to allege, in his correspondence to the petitioner, that the court does not have personal jurisdiction over him. However,

> [t]he district court acquires personal jurisdiction over a respondent in an IRS summons enforcement action by service of the petition and show cause order in the manner provided for by Rule 4 of the Federal Rules of Civil Procedure. Rule 4 allows for service upon individuals to be made "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . ." Fed. R. Civ. P. 4(e)(2).

*Rose*, 437 F. Supp. 2d at 1170 (internal citation and footnotes omitted).

The court has jurisdiction over the petition and the petitioner has the authority to issue summonses to the respondent. Furthermore, the court also has personal jurisdiction over the respondent who was personally served with all relevant court documents. The court will evaluate the enforceability of the subject summons below.

### B. IRS Summons Enforcement

Determining whether a summons meets the good faith requirements set forth in ***United States v. Powell***, 379 U.S. 48, 57-58 (1964), is a prerequisite to judicial enforcement of an IRS summons. These requirements are fourfold: (1) the investigation is being conducted pursuant to a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the IRS does not already possess the information sought; and (4) the administrative steps required by the Internal Revenue Code have been followed. ***United States v. Powell***, 379 U.S. 48, 57-58 (1964); **see *United States v. Norwest Corp.***, 116 F.3d 1227, 1233 (8th Cir. 1997). Additionally, the IRS summons is only enforceable until the IRS refers the matter to the Department of Justice for criminal prosecution. ***United***

4

*States v. Stuart*, 587 F.2d 929, 930-31 (8th Cir. 1978).  Once the IRS establishes a prima facie case, the burden shifts to the taxpayer to disprove one of these elements; that burden is a heavy one.  ***United States v. LaSalle Nat'l Bank***, 437 U.S. 298, 316 (1978); ***United States v. Norwood***, 420 F.3d 888, 892 (8th Cir. 2005).  Affidavits accompanying the government's petition to enforce and IRS summons are sufficient to shift the burden to the respondent.  *Id.*

The Declaration of IRS Estate Tax Attorney Moser established that the investigation of the respondent is for the purpose of determining the Federal tax liability of the Estate of Carl A. Mengedoht for the taxable period ending at the date of his death: May 29, 1998.  The petitioner alleges the respondent is in possession and control of testimony and documents relevant to the investigation.  The testimony and records sought, including financial records, safety deposit box records,  and loan account information about Carl A. Mengedoht, from the respondent are clearly relevant to the tax liability determination.  Finally, Estate Tax Attorney Moser states the IRS is not in possession of the requested items and the administrative steps required by the Internal Revenue Code have been followed.

Based on this undisputed information, the court finds the petitioner has made a prima facie showing that (1) the investigation is being conducted pursuant to a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the IRS does not already possess the information sought; and (4) the administrative steps required by the Internal Revenue Code have been followed.  Additionally, it does not appear the matter has been referred to the Department of Justice for prosecution.  Accordingly, the burden shifts to the respondent to disprove any one of these elements.

In his correspondence to the petitioner, the respondent does not contend the IRS summons was unenforceable, except to state that it is a phony summons.  The court finds the respondent failed to sustain his burden of disproving any of the prima facie elements established by the petitioner.  Therefore, the court finds the summons was issued in good faith.  Accordingly, the court will recommend the petition to enforce IRS summons (Filing No. 1) be granted.  Furthermore, because it appears the undersigned magistrate judge was without authority to earlier enforce the summons or hold the respondent in contempt, to such extent the orders were without authority they shall be considered stricken.  The issue

of whether the respondent is to be held in contempt is for determination by the District Court Judge assigned to the case. Upon consideration,

**IT IS ORDERED:**

1. The petitioner's Motion to Strike Order and Motion to Certify Facts of the Case to the District Court Judge (Filing No. 22) is granted in part and denied in part as set forth herein.

2. The Clerk's office shall send a copy of this Order and Report and Recommendation to the respondent at:

> Jan Major Mengedoht
> 19855 County Rd. 11
> Herman, Nebraska 68029

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

1. The petition to enforce IRS summons (Filing No. 1) be granted.

2. The respondent be directed to appear to give testimony and to bring with him for examination the material identified in the summons or, in the alternative, show cause why he should not be found in contempt of court.

**ADMONITION**

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 14th day of February, 2007.

> BY THE COURT:
>  s/ Thomas D. Thalken
> United States Magistrate Judge